LAW OFFICES OF
ERICK L. GUZMAN
Cal. Bar No. 244391
115 4th St. Suite D
Santa Rosa, California, 95401
T: 707.594.4474/F: 707.540.6298
E: elg@guzmanlaw.org

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CARLOS HERNANDEZ-RUIZ,<br><br>Defendant. | CASE NO. CR-19-0635-WHO;<br>CR-21-0034-WHO<br><br>**DEFENDANT'S SENTENCING MEMORANDUM.** |

# I
# INTRODUCTION

Mr. Hernandez-Ruiz is a very young man who—when overcome by addiction and desperation—repeatedly trafficked controlled substances.

One would not know it by reviewing the discovery in this case, but Mr. Hernandez-Ruiz is also a loving husband and father, and a hard worker. Fortunately, he still has the support of his wife with whom he has a very young child.

Mr. Hernandez-Ruiz was born in 1995 to very modest circumstances. During his pre-sentence interview, Mr. Hernandez-Ruiz described a childhood in which the basic needs of his family were at times not met. PSR at 11. The young Mr. Hernandez-Ruiz was unable

to properly focus on school as he was often forced to aid his father with the latter's farm work.

Further, he described how his father would beat his mother; how his father would beat him, often with weapons; and how his father would beat his siblings. PSR at 11. Not surprisingly, Mr. Hernandez-Ruiz left his parents' home, began to distance himself from his father, and attempted to build a life on his own. In 2013, he began living in the South Bay area. PSR at 11-12. To his credit, Mr. Hernandez-Ruiz has always exhibited a strong work ethic. Without any formal education,[1] Mr. Hernandez-Ruiz was limited in professional opportunities, but he secured the best jobs he could: he worked as a dishwasher for years in various restaurants, earning between fourteen to seventeen dollars per hour. *See* PSR 12. Also, while incarcerated, Mr. Hernandez-Ruiz has worked as a kitchen laborer at Santa Rita jail.

**The 2019 Offense**

In roughly 2018, when he was still very young, Mr. Hernandez-Ruiz began consuming methamphetamine. It did not take long before his drug habit turned into an addiction in which he was consuming approximately one ounce of methamphetamine per week. PSR at 13 ¶68.

It was in the midst of this addiction, when Mr. Hernandez-Ruiz agreed to participate in the 2019 offense, which originally brought him before this Court. Regarding that offense, it should be noted that Mr. Hernandez-Ruiz was not the supplier in that case, nor did he occupy a position of authority. Rather, the transaction was arranged completely by people

---

[1] The PSR indicates that Mr. Hernandez-Ruiz attended one semester of college. That is incorrect—the semester he attended is the equivalent of High School in the

other than Mr. Hernandez-Ruiz—he did not arrange the quantities, he did not have a pre-existing relationship with the source of supply; nor did he set the price.

**The 2020 Offense**

The 2020 offense, while involving a significantly lower quantity of controlled substance, is at one level more troubling, because Mr. Hernandez-Ruiz was on pre-trial release for the previously-described offense, and his involvement was much more direct. While not an excuse, Mr. Hernandez-Ruiz has explained that he was desperate to generate some income as he had lost his job due to the pandemic, which led him to commit that offense.

## II

## GUIDELINES CALCULATIONS

**A:  Guidelines Calculations**

| | | |
|---|---|---|
| Base Offense Level: | 36. | U.S.S.G. §2D1.1(c)(2) |
| Safety-Valve Reduction | -2 | U.S.S.G. §5C1.2 |
| Pre-trial Release Enhancement | +3 | U.S.S.G. § 3B1.2(b) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1. |
| Safety-Valve | -2 | |
| Adjusted Offense Level | **32** | |
| Guideline Range[2] | 121-151 Months. | |

////

////

---

[2]   All parties agree that Mr. Hernandez-Ruiz is in Criminal History Category I.

**B:      Requested Guideline Adjustments**

   **1) Acceptance of Responsibility**

Mr. Hernandez-Ruiz respectfully requests this Court to adjust his offense level downwards by three levels per U.S.S.G.§ 3E1.1 due to his acceptance of responsibility. This adjustment is contemplated by the plea-agreement, and, the Pre-Sentence Report ("PSR") recommends such an adjustment.

   **2) Safety-Valve**

Mr. Hernandez-Ruiz has satisfied all requirements for the safety-valve departure.

**C:      Reasons to impose a below-guideline sentence**

   1.   <u>ACEs Score</u>

The PSR details Mr. Hernandez-Ruiz scored '5' on the ACEs examination, which measures adverse childhood experiences, which is well within the range of a higher probability of adult criminal conduct.  PSR 12 at ¶67.

   2.   <u>Quantity of Controlled Substances</u>

As the Court knows, the base offense level (and the resulting offense level) is determined by the quantity of the controlled substances.  In this case, Mr. Hernandez-Ruiz did not determine the very large quantity of controlled substances that were involved in this offense.  Furthermore, while Mr. Hernandez-Ruiz had previously dealt with personal-use quantities of methamphetamine, he had never involved himself with quantities on this scale, or anything even close.  At some level, while he chose to involve himself in the offense, he had no control over the quantities involved.  For that reason, this Court should impose a sentence below the guidelines corresponding to the quantities involved in this offense.

   3.   <u>This Court Should Impose a Sixty-Month Sentence</u>

The sentencing considerations specified in 18 U.S.C. section 3553(a) support a sixty

month sentence. Five years is a substantial amount of time, which will adequately punish Mr. Hernandez-Ruiz for his behavior, it is a sufficient amount of time to deter others from similar conduct, and such a sentence will promote respect for the law. *See* 18 U.S.C. §3553(a).

Furthermore, a five-year prison sentence will be especially impactful upon this young defendant given his current stage of life: he has a young child that is less than two years old. By the time of Mr. Hernandez-Ruiz's release, he will have missed many of the milestones in his child's life. And, if Mr. Hernandez-Ruiz is released from custody in his early thirties, with a felony record, it will be exceedingly difficult to rebuild a life for him and his family.

Additionally, Mr. Hernandez-Ruiz's wife has asked undersigned counsel to request leniency on her behalf as she needs his help with their child and financial support.

## III
## CONCLUSION

For the reasons stated above, Mr. Hernandez-Ruiz respectfully requests this Court to impose a sixty-month sentence.

DATED: July 7, 2022                    Respectfully submitted,


                                       By

                                       _____
                                       Erick L. Guzman
                                       Attorney for Mr. Hernandez-Ruiz